UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMANTHA M.,

Plaintiff,

-against- 5:25-CV-00445 (LEK/ML)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Samantha M.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits for lack of a disability. Dkt. No. 1 ("Complaint").

On November 10, 2025, Plaintiff moved for judgment on the pleadings, requesting that the Court reverse the Commissioner's final decision and remand for further proceedings. Dkt. No. 13 ("Plaintiff's Motion"). On January 20, 2026, the Commissioner filed a motion for judgment on the pleadings in response, requesting that the Court affirm the Commissioner's final decision. Dkt. No. 16 ("Commissioner's Motion"). Plaintiff replied on February 3, 2026. Dkt. No. 17 ("Reply").

On June 23, 2026, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a Report and Recommendation recommending that the Court affirm the Commissioner's

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Order will identify Plaintiff's last name by initial only.

decision, grant the Commissioner's Motion, and deny Plaintiff's Motion. Dkt. No. 20 ("Report and Recommendation"). Plaintiff filed objections, Dkt. No. 21 ("Objections"), and the Commissioner filed a response to the Objections, Dkt. No. 22 ("Response to Objections").

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

The Court assumes familiarity with the Report and Recommendation, as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 2–8.

## III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

When written objections are filed and the district court conducts a *de novo* review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F. 4th 349, 359 (2d Cir 2025). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[a] proper objection must be timely. Failure to timely object may 'operate as a forfeiture of further judicial review' of the magistrate judge's decision." *Nambiar*, 158 F.4th at 359 (cleaned up) (citing *Mario v. P&C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

## IV. DISCUSSION

Plaintiff has filed specific objections to Judge Lovric's Report and Recommendation. *See* Obj. The Commissioner argues that Plaintiff's Objections "largely repeat her original objections and reply brief to this Court," and that the Court should therefore review the Report and Recommendation for clear error and not *de novo*. Resp. to Obj. at 2. However, objections "not only may, but often must, repeat arguments that were previously raised. When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*." *Nambiar*, 158 F.4th at 361. Accordingly,

the Court will review the issues identified by Plaintiff in the Report and Recommendation *de novo*. *See A.V. by Versace Inc.*, 191 F. Supp. 2d at 406.

Plaintiff objects that the Report and Recommendation "erred in finding that Plaintiff's academic accommodations from Southern New Hampshire University were, as the ALJ found, 'inherently neither valuable nor persuasive' under 20 C.F.R. § 404.1520b(c)." Obj. at 1. Plaintiff previously raised arguments that the ALJ erred in her analysis of the student accommodation letter (the "Accommodation Letter") under 20 C.F.R. § 404.1520b(c). *See* Pl. Mot. at 5. Pursuant to that regulation, "[e]vidence that is inherently neither valuable nor persuasive" includes "[s]tatements on issues reserved to the Commissioner." 20 C.F.R. § 404.1520b(c)(3). The ALJ wrote that "findings that the claimant is 'disabled' or required academic accommodations" are included among the statements on issues reserved to the Commissioner. Administrative Transcript ("T.") at 22. The ALJ did not, and was not required to, "provide any analysis about how [she] considered such evidence in [her] determination or decision." 20 C.F.R. § 404.1520b(c); *see* T. at 22.

As Judge Lovric recognized in his well-reasoned Report and Recommendation, "the Accommodation Letter would appear to fall squarely within the types of conclusory designations of disability that courts have typically permitted ALJs to treat as neither inherently valuable nor persuasive regardless of source." R. & R. at 13 (citing *Natasha C. v. Comm'r of Soc. Sec.*, No. 21-CV-1237, 2022 WL 17978835, at *5 (N.D.N.Y. Dec. 28, 2022), *report and recommendation adopted*, 2023 WL 356203 (N.D.N.Y. Jan. 23, 2023)). Plaintiff argues that Judge Lovric should not have found the Accommodation Letter to be a "conclusory designation of disability," as "such question is not for him to decide; rather, it a question for the ALJ." Obj. at 3. The Court disagrees, as the ALJ was under no obligation to provide such analysis. *See* 20 C.F.R. §

404.1520b(c). Furthermore, the Court agrees that the Accommodation Letter is conclusory in nature, as it approves of particular accommodations but makes no reference to the specific bases behind such accommodations. T. at 611. The accommodations appear to be fairly nonspecific as to the impairments they are accommodating, generally providing extended time for assignments and testing, and alternative formatting for course content (including "pdf, Braille, etc."). *Id.* The fact that the Accommodation Letter grants these accommodations does not provide any specific information regarding Plaintiff's impairments, other than that the university concluded it should approve such accommodations. The Court considers such approval to be comparable to those conclusions deemed "neither inherently valuable nor persuasive" in other cases cited by the Report and Recommendation. R. & R. at 13; *Natasha C.*, 2022 WL 17978835, at *5; *Kimberly S. v. Kijakazi*, No. 23-CV-21, 2024 WL 718249, at *4 (D. Conn. Feb. 22, 2024); *Gina D. v. Comm'r of Soc. Sec.*, No. 20-CV-6878, 2021 WL 4748436, at *4 (W.D.N.Y. Oct. 12, 2021).

Plaintiff also objects to Judge Lovric's "finding that the ALJ properly handled the [Accommodation Letter] in accordance with the applicable agency rules for evaluating non-medical source evidence." Obj. at 3. Specifically, Plaintiff argues that the ALJ's dismissal used "boilerplate" language and does not show that the ALJ considered, "or even read," the Accommodation Letter. *Id.* On this point, the Report and Recommendation described Plaintiff's cited caselaw as "readily distinguishable from the present case." R. & R. at 15; *see, e.g.*, *Maldonado v. Kijakazi*, No. CV 22-36, 2022 WL 17742618, at *5 (E.D. Pa. Dec. 16, 2022). The Court agrees that such cases are distinguishable, and that the ALJ properly considered the Accommodation Letter. T. at 22.

Upon reviewing the Report and Recommendation and the parties' submissions, the Court finds that the ALJ did not err in concluding that evidence of Plaintiff's accommodations was

"inherently neither valuable nor persuasive." *Id.* Therefore, the Court dismisses the objections and approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 20, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED**, that the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 13, is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 1, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge